# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SOL HOKE,**

     **Plaintiff,**

**v.**                                              **Case No.  8:21-cv-1167-WFJ-SPF**

**CHAD CHRONISTER and**
**DEPUTY RESTO-RIVERSA,**

     **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's civil rights complaint (Doc. 1), filed under 42 U.S.C. § 1983.

An earlier order (Doc. 3) granted Plaintiff leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Similarly, § 1915A requires a district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a), (b). Plaintiff's *pro se* complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*).

Plaintiff, a pretrial detainee (Doc. 1 at 9), sues Hillsborough County Sheriff Chad Chronister and Detention Officer Resto-Rivera in their official capacities concerning his conditions of confinement at Hillsborough County's Falkenburg Road Jail. (Doc. 1 at 7, 10). Plaintiff claims that Officer Resto-Rivera tested positive for COVID-19, but refused to wear face mask, resulting in half of housing pod 2-D, including Plaintiff, contracting the virus. Plaintiff claims that he is now housed in medical pod 4-B, where Officer Resto-Rivera works and where "the average age is 40 and over[.] Most people either have diabetic problems, high blood pressure, [or] other severe health problems." (Doc. 1 at 12).

Plaintiff alleges that he tried to obtain a grievance, but was denied, and the supervising officer told Plaintiff that Officer Resto-Rivera would wear a mask going forward.  Subsequently, he was told Officer Resto-Rivera would be counseled. (Doc. 1 at 12, 14).  Nonetheless, the officer did not comply.  As a result, Plaintiff contracted COVID-19 a second time and is experiencing worsening symptoms, including memory loss, lack of taste and smell, lack of energy, extreme brain fog,

mental disorientation, abdominal pain, and chronic inflammation. (Doc. 1 at 10, 12, 14).

Plaintiff further alleges that the Hillsborough County Sheriff's Office "has failed to develop or enforce protocols . . . to prevent [the spread of] COVID-19 infections to [himself] and other inmates." (Doc. 1 at 13).  Plaintiff seeks a total of $15,000,000 in compensatory damages and punitive damages. (Doc. 1 at 10, 13).

Plaintiff sues Officer Resto-Rivera in his official capacity. A claim against a defendant in his official capacity is a suit against the entity of which the named defendant is an agent — in this case, Hillsborough County. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  Because Plaintiff also sues Sheriff Chronister in his official capacity, the duplicative official capacity claim against Officer Resto-Rivera must be dismissed.

However, because Plaintiff alleges the individual actions taken by Officer Resto-Rivera, the Court construes the claim against him as an individual capacity claim for deliberate indifference to Plaintiff's health and safety. The Court finds Plaintiff's allegations sufficient, at this stage of the case, to proceed to service of process on Officer Resto-Rivera on that claim.

However, to the extent that Plaintiff sues Sheriff Chronister in his official capacity, the claim is dismissed.  Sheriff Chronister cannot be liable for the acts of his employees on a theory of *respondeat superior*. *Scala v. City of Winter Park*,

116 F.3d 1396, 1399 (11th Cir. 1997). To state a claim against a supervisory defendant, such as Sheriff Chronister, Plaintiff must allege:

> (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

*Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011). *See also Cuesta v. Sch. Bd. of Miami-Dade Cty., Fla.*, 285 F.3d 962, 966 (11th Cir. 2002); *Monnell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978). Plaintiff alleges no personal involvement by the Sheriff in the alleged violation of his constitutional rights. Although he claims the Hillsborough County Sheriff's Office has failed to establish protocols to prevent the spread of COVID-19, Plaintiff fails to allege any specific protocol that he believes should be developed or enforced. Finally, although he claims Officer Resto-Rivera has repeatedly failed to wear a mask, the alleged actions of one officer do not amount to "a history of widespread abuse" placing the Sheriff on notice of a deprivation that needs to be corrected.

Accordingly, it is **ORDERED** that:

1. This case is **DISMISSED** as to the official capacity claims against Defendants Officer Resto-Rivera and Sheriff Chronister.

a. If Plaintiff desires to proceed with the dismissed claims or to proceed against the dismissed the defendants, he must file an amended complaint **within THIRTY DAYS** from this Order.

b. To amend his complaint, Plaintiff should fill out a new civil rights complaint **on the appropriate form**, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims; it may not refer to or incorporate portions of the prior complaint. **The amended complaint supersedes Plaintiff's prior complaint, and all claims must be raised in the amended complaint.**

2. Should Plaintiff fail to timely amend his complaint, the case will proceed to service of process on Officer Resto-Rivera by separate order.

3. Plaintiff has filed this action *pro se*, and he is directed that he must immediately advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and not include any motions in it. This notice must contain only information about the address change and the effective date of such. Failure to inform the Court of an address change may result in the dismissal of this action without further notice.

4.  The Clerk is **DIRECTED** to mail to Plaintiff, along with this Order, a copy

of the standard civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida on November 15, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE